UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00279-02 |
| | CIVIL ACTION NO. 12-1872 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| HERBERT V. GOLDSMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Documents 485) filed by Petitioner Herbert V. Goldsmith ("Goldsmith"). Goldsmith seeks an order from the Court vacating or reducing his sentence on the grounds of ineffective assistance of counsel. For the reasons set forth below, Goldmith's motion is **DENIED**.

**BACKGROUND**

Goldsmith was charged in Counts One and Two of a nine count indictment. See Record Document 1. Count One charged him with conspiracy to possess with intent to distribute 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine. See id. Count Two charged him with conspiracy to possess with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of cocaine base, or crack. See id.

On February 11, 2010, pursuant to a written plea agreement, Goldsmith plead guilty to Count Two. See Record Documents 175 & 176. On March 25, 2010, he filed a Motion to Withdraw Guilty Plea, which was denied by this Court on that same date. See Record Documents 201 & 202. Goldsmith filed a Motion for Reconsideration and the Government opposed such motion. See Record Documents 203 & 209. This Court denied Goldsmith's

Motion for Reconsideration on April 21, 2010. See Record Document 220.

On July 23, 2010, Goldsmith was sentenced to 365 months imprisonment, followed by a five year term of supervised release. See Record Document 310. As a result of Goldsmith's attempt to withdraw his guilty plea, he forfeited his right to receive a two-point reduction in the guideline range for acceptance of responsibility. See Record Document 366 at 3. The remaining count of the Indictment was dismissed at sentencing. See Record Document 310. The judgment was entered into the record on August 2, 2010. See Record Document 311.

Goldsmith filed a Notice of Appeal on August 3, 2010. See Record Document 312. On appeal, the following two issues were raised by Goldsmith: (1) the factual basis to which he pleaded guilty was insufficient to prove that he participated in a conspiracy to distribute 50 grams or more of crack cocaine; and (2) there was an error in the calculation of his offense level using a one-to-one conversion ratio of powder to crack cocaine. See Record Document 433. On July 22, 2011, the Fifth Circuit affirmed Goldsmith's conviction. See id.

On July 9, 2012, Goldsmith timely filed the instant Section 2255 motion. See Record Document 485. He asserts the following grounds for relief:

(1) Ineffective assistance of counsel during the pre-plea phase for failure to conduct an adequate investigation;

(2) Ineffective assistance of counsel during the plea negotiation phase for failure to convey a plea offer and failure to properly advise in regards to pleading guilty;

(3) Ineffective assistance of counsel during the sentencing phase for failure to oppose drug type and quantity; failure to oppose denial of acceptance of responsibility points; and failure to object to separate types of drugs involved in transactions;

    (4)    Ineffective assistance of counsel during the appeal phase for failure to raise Sixth Amendment issues and that the plea was involuntary; and

    (5)    Ineffective assistance of counsel due to cumulative effect of errors and constructive denial of counsel altogether.

Record Document 485 at 4-5. The Government filed its answer on September 10, 2012. See Record Document 518. Goldsmith replied on October 17, 2012. See Record Document 531.

## LAW AND ANALYSIS

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Furthermore, issues raised and disposed of on direct appeal are not subject to further review under Section 2255. See U.S. v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-165, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can

challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from some error. See Bousley v. U.S., 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); U.S. v. Walker, 68 F.3d 931, 934 (5th Cir. 1995); Segler, 37 F.3d at 1133. Any defendant who does not meet the burden of showing both "cause" and "prejudice" or "actual innocence"[1] is procedurally barred from attacking his conviction.

A defendant may establish "cause" for his procedural default by showing "that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." U.S. v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996). Objective factors include interference by officials that make compliance with the procedural rule impracticable, or a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the

---

[1] "The only exception to the cause and prejudice test is the extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." U.S. v. Young, 77 F. App'x 708, 709 (5th Cir. 2003).

constitutional sense. See id. (internal quotations and citations omitted). To show "prejudice," a defendant must demonstrate that, but for the claimed error, he might not have been convicted. See Guerra, 94 F.3d at 994. In the case of a guilty plea, the defendant must show that absent the error, he would not have pleaded guilty, but would have insisted on going to trial. See id.

In cases of a guilty plea, the only issue for the court to consider is whether the defendant's decision to plead guilty was voluntary. See U.S. v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008). A defendant who voluntarily pleads guilty waives all non-jurisdictional defects in the proceedings against him. See U.S. v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008). This waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the defendant's guilty plea. See U.S. v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); U.S. v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991); Smith v. Estelle, 711 F.2d 677 (5th Cir. 1983). A defendant can only attack the voluntary and intelligent character of his guilty plea by showing that his counsel's advice was not within the standards set forth in McMann v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448 (1970). Sworn statements in open court during a plea hearing 'carry a strong presumption of verity." See U.S. v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995), citing Blackledge v. Allison, 431 U.S. 69, 74, 97 S.Ct. 1621, 1629 (1977). Regardless of the defense attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is "no actual and substantial disadvantage to the defense." Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

**I.    Ineffective Assistance of Counsel Claims.**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003). A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See U.S. v. Alanis, 88 Fed. Appx.15, 19 (5th Cir. 2004). Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, Goldsmith must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052; Bryant v. Scott, 28 F.2d 1411, 1414-1415 (5th Cir. 1994). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1042-1043 (5th Cir. 1998). Defendant bears the burden of demonstrating both prongs of the Strickland test. Failure to establish either prong defeats an ineffective assistance claim. U.S. v. Franks, 230 F.3d at 813; Tucker v. Johnson, 115 F.3d 276, 281 (5th Cir. 1997).

Under the first prong of the Strickland analysis, Goldsmith must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. A

defendant such as Goldsmith may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Goldsmith must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Goldsmith must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." U.S. v. Saenz-Forero, 27 F.3d 1016 1021 (5th Cir. 1994). To meet the prejudice prong defendant must affirmatively prove, and not merely allege, prejudice. See Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). Counsel cannot be ineffective for failing to raise a meritless claim. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Prejudice generally exists only if the defendant demonstrates that he would have received less jail time. See U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004).

Grounds One and Three

Goldsmith argues that his counsel was ineffective during the pre-plea phase for failing to conduct an adequate investigation and during the sentencing phase for failing to oppose drug type and quantity; failing to oppose denial of acceptance of responsibility points; and failing to object to separate types of drugs involved in transactions. All of these grounds for relief relate to drug type and quantity.

The Court begins with the well settled legal principle that a guilty plea negates any claim of ineffective assistance of counsel occurring prior to the plea except any

ineffectiveness which affected the voluntary nature of defendant's plea. Goldsmith has not shown how his counsel's failure investigate the type and quantity of drugs involved for purposes of calculating his sentence affects the voluntariness of his plea. Goldsmith was under oath at the time of his guilty plea and was questioned extensively by the Court. See Record Document 213. Goldsmith acknowledged he was pleading to "conspiracy of 50 grams or more . . . of crack cocaine" and agreed with the Factual Basis he had signed, which referenced the dates of the conspiracy and 77 kilos. See id. at 5-9. His statements in agreement with the Factual Basis and his signature on the Factual Basis are also strong evidence that these facts are indeed correct. Whether defense counsel investigated the scope of the conspiracy prior to Goldsmith's entering a plea of guilty is truly immaterial due to Goldsmith's statements and acknowledgments made under oath. Goldsmith has simply failed to rebut the truth of those statements and acknowledgments.

Goldsmith further faults his counsel for not objecting to certain portions of the PSR and argues that Probation miscalculated the amount of crack. More specifically, Goldsmith contends that the probation officer was required by law to use the low estimate of drug quantity. Yet, U.S.S.G. § 2D1.1, Application Note 5 provides, "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." Moreover, to the extent Goldsmith is challenging the court's and/or the probation officer's calculation of the guideline range, sentencing guideline calculations are not constitutional issues which can be raised in a Section 2255 motion. See Vaughn, 955 F.2d at 368.

Goldsmith maintains that his counsel was also ineffective during the sentencing phase for failing to oppose denial of acceptance of responsibility points under U.S.S.G. §

3E1.1. The record reveals that Goldsmith denied responsibility during an interview with Probation on February 19, 2010 and he also filed a motion to withdraw his guilty plea. Either of the actions, which were set forth in paragraph d 24 of the PSR, are sufficient to support the denial of an acceptance of responsibility reduction. Moreover, this is a sentencing guideline calculation issue where the Court enjoys great discretion. See id. Thus, based on the foregoing analysis, grounds one and three of Goldsmith's Section 2255 fail.

Ground Two

Goldsmith alleges that his counsel was ineffective during the plea negotiation phase for failing to convey a plea offer and failing to properly advise him in regards to pleading guilty. He points to a November 25, 2009 letter from the Assistant United States Attorney to his defense attorney in support of his contention. See Record Document 486, Exhibit B. The letter states that both conspiracy counts set forth in the Indictment carry the same penalty, that is, ten years to life under 21 U.S.C. § 841(b)(2)(A)(ii) and (iii). Thus, under the guidelines then in force, Goldsmith's participation in either conspiracy included consideration of relevant conduct under U.S.S.G. § 1B1.3 which included "all reasonably foreseeable acts . . . of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.1(a)(1) & (2). Even if he had pleaded guilty to Count One rather than Count Two, Goldsmith's sentence would have been determined pursuant to 21 U.S.C. § 841(b)(1)(A) and relevant conduct with respect to the conversion of the powder to crack cocaine would have resulted in the same sentence. Goldsmith has failed to demonstrate that the November 25, 2010 letter contained a more favorable plea offer than the plea he actually entered into. Neither the factual scenario that existed in Missouri v. Frye, — U.S.

—, 132 S.Ct. 1399 (2012), nor Lafler v. Cooper, — U.S. —, 132 S.Ct. 1376 (2012), existed in the instant matter. Accordingly, Goldsmith has failed to demonstrate error and prejudice resulting from his counsel's claimed failure to receive the plea offer and ground two of his Section 2255 fails.

Ground Four

Goldsmith argues that his counsel was ineffective during the appeal phase for failing to raise Sixth Amendment issues, namely that his plea was involuntary. The record simply does not support any claim of ineffective assistance that could have been addressed on direct appeal. As previously noted, claims of ineffective assistance are best addressed in a Section 2255 motion. See U.S. v. Clark, 67 F.3d 1154 (5th Cir. 1995) (The Fifth Circuit will resolve claims of ineffective assistance of counsel on direct appeal "only in 'rare cases' where the record allows a fair evaluation of the merits."). Thus, without more, ground four of Goldsmith's Section 2255 fails.

Ground Five

Finally, Goldsmith contends that his counsel was ineffective due to the cumulative effect of errors and the constructive denial of counsel altogether. Much of this argument is based on Goldsmith's position that he was in agreement to sell powder cocaine, but was not in agreement to distribute crack (should not be held liable for selling apple pies when all he did was sell the apples to make the pies). See Record Document 486 at 32. Yet, as noted by the Government in its answer, the principles of relevant conduct encompass both sellers, as the seller of the applies was in business with the apple pie seller, knew the apples were being made into pies, and agreed to further the pie enterprise. The record reflects that Goldsmith discussed with co-conspirators the quality of the powder and

whether it was good enough to make crack to their standards. See id., Exhibit B. He supplied the powder cocaine to make the crack he knew his co-conspirators were distributing. Thus, ground five of Goldsmith's Section 2255 fails.

## CONCLUSION

Based on the foregoing, the Court finds that Goldsmith's ineffective assistance of counsel claims fail. Accordingly, Goldsmith's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 485) be and is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE