**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:09-CR-00279-02** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **HERBERT V. GOLDSMITH (02)** | **MAGISTRATE JUDGE HORNSBY** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA") of 2018, filed by Defendant Herbert V. Goldsmith. [ECF No. 917]. Pursuant to his motion, Goldsmith asks that his term of imprisonment be reduced, and that his term of supervised release be reduced to four years. *Id.* at 4. The government opposes the motion, arguing Goldsmith is not eligible for relief under the FSA. [ECF No. 924 at 3-18]. Alternatively, the government urges the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in granting any reduction to Defendant's sentence. *Id.* at 2-3. For the reasons set forth below, Defendant's motion is GRANTED.

### I.
#### BACKGROUND

On October 28, 2009, Goldsmith and twelve co-defendants were charged in a nine-count indictment with various narcotics offenses. [ECF No. 1]. Specifically, Goldsmith was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1) and conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack") (Count 2). [ECF No. 1]. On February 11, 2010, Goldsmith pleaded guilty to Count 2. [ECF No. 175]. A sentencing hearing was held on July 23, 2010. [ECF No. 310]. Goldsmith's statutory sentencing range was ten years to life; his sentencing guideline range was 292 to 365 months. [ECF No. 366

at 2]. Goldsmith was sentenced to 365 months of incarceration and a five-year term of supervised release. [ECF No. 311]. Goldsmith now seeks a reduction to his terms of imprisonment and supervised release, pursuant to the First Step Act of 2018.

## II.
## APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at 2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base threshold to 28 grams. *Id.* The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced

>in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

## III.
### ANALYSIS

### A.  Whether Defendant is eligible for relief under the First Step Act

The government contends Goldsmith is ineligible for relief due to the amount of cocaine base attributed to him in the sentencing record. [ECF No. 924 at 3-18]. The government acknowledges that this argument has been rejected by the Fifth Circuit, "but makes it to preserve it for future proceedings in this case." *Id.* at 3 (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019)). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. In *Jackson*, the Fifth Circuit held, "[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Jackson* at 320; *see also United States v. Winters*, 986 F.3d 942, 948 (5th Cir. 2021) ("The inquiry does not turn on the facts specific to the defendant's offense. . . ."). In this matter, Goldsmith was convicted of violating a statute for which the penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, he has not previously filed a motion seeking First Step Act relief, and his sentence was not "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Accordingly, the Court finds Goldsmith is eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory sentencing range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). Goldsmith was originally subject to a statutory sentencing range of ten years to life in prison. Under the First Step Act, Goldsmith's statutory sentencing range is now five to forty years. His mandatory term of supervised release has been reduced from five years to four. Goldsmith's sentencing guideline range remains 292 to 365 months.[1] As of this date, Goldsmith has served approximately eleven and a half years in prison for this offense.

As to the nature and circumstances of the offense, it is a non-violent narcotics offense involving the sale of cocaine and cocaine base. From February to April of 2009, the Drug Enforcement Agency ("DEA") intercepted the telephone calls of one of Goldsmith's co-defendants. [ECF No. 793 at 5]. Goldsmith was intercepted on calls conversing with the co-defendant about selling kilogram quantities of powder cocaine to the co-defendant, which would then be cooked into crack for distribution. *Id.* The co-defendant later pleaded guilty in this case and informed the DEA that he purchased two to three kilograms of powder cocaine per month from Goldsmith over a two-year period, amounting to approximately 77 kilograms. *Id.* at 6. There

---

[1] For sentencing guideline purposes, Goldsmith was held accountable for 77 kilograms of cocaine base, based upon information provided by a co-defendant that the co-defendant "purchased 2 to 3 kilos of cocaine powder a month from Herbert Goldsmith from late 2007 to November, 2009, amounting to approximately 77 kilos." [ECF No. 793 at 6]. The Presentence Report, adopted by the court at sentencing, concluded that therefore Goldsmith was responsible for 77 kilograms of cocaine base. *Id.*; *see also* ECF No. 366 at 10. Seventy-seven kilograms of cocaine base resulted in a total offense level of 38. (Because Goldsmith had attempted to withdraw his guilty plea, he did not receive points for acceptance of responsibility). [ECF No. 793 at 6]. Goldsmith's criminal history category was III.

is no indication in the Presentence Investigation Report ("PSR") that Goldsmith engaged in any violent acts during the course of the conspiracy, and no firearms were involved.

As to the history and characteristics of this defendant, the Court notes Goldsmith was previously convicted of, *inter alia*, aggravated robbery at age 17, DWI at ages 26 and 35, and felon in possession of a firearm at ages 28 and 40, resulting in a criminal history category of III. *Id.* at 7-11. Goldsmith was raised by his father after his mother abandoned the family for unknown reasons when Goldsmith was an infant. *Id.* at 12. Goldsmith is a lifelong resident of Houston, Texas. *Id.* He has been married for almost 28 years, and he has three children who are approximately 16, 24 and 32. *Id.* Goldsmith is 57 years old and has been incarcerated for this offense since the age of 45. *Id.* at 1, 3. His projected release date is October 6, 2035.[2]

While in the custody of the Bureau of Prisons ("BOP"), Goldsmith has taken numerous educational, vocational and self-improvement classes in furtherance of his rehabilitation. He has completed a twenty-hour drug education program and is on the waiting list for the non-residential drug treatment program. [ECF Nos. 917-2 at 2-3; 917-5 at 1-2]. Goldsmith's security classification is low. *Id.* at 1. Goldsmith currently works as an orderly, and previously worked for UNICOR for at least four years. [ECF Nos. 917-2 at 1; 917-3]. Goldsmith received an excellent review from his UNICOR supervisor, where he began as a floor worker and was ultimately promoted to the management support team. [ECF No. 917-3]. Goldsmith plans to pursue a career in HVAC and construction upon release. [ECF No. 917-5 at 3]. During his decade of incarceration, Goldsmith has had no disciplinary events.

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited Apr. 19, 2021).

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to 180 months is sufficient but not greater than necessary to comply with the purposes of sentencing. The Court finds such a sentence is a substantial prison term, commensurate with the crimes Goldsmith committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release to four years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [ECF No. 917] is GRANTED, and the Court will issue an amended judgment reducing Defendant's term of incarceration to 180 MONTHS, and reducing Defendant's term of supervised release to FOUR YEARS. Except as modified in this paragraph, all other provisions of the Judgment imposed on July 23, 2010 [ECF No. 311] REMAIN in effect.

SIGNED this 20th day of April, 2021.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE